## GENERAL MOTORS CORPORATION v. PREFERRED ELECTRIC & WIRE CORPORATION.

### No. 225.

Circuit Court of Appeals, Second Circuit.

Feb. 13, 1940.

For former opinion, see 79 F.2d 621.

Theodore S. Kenyon, of New York City, for appellant.

Drury W. Cooper, of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

We decided this appeal originally in 1935 (2 Cir., 79 F.2d 621) and have now reheard it upon oral reargument because of the disqualification of one member of the original court, not known at the time. Now, however, the plaintiff seeks to support the original decree only as to claim three of Kroeger's first patent, No. 1,557,207, for a new kind of "rubbing-block". The application for that patent was filed in November, 1923, for a block made of Bakelite, reïnforced with an embedded fabric, the threads of which ended on the wearing surface of the block. Such a block had been used before in the Delco arm, 15,377, put out commercially in July, 1921, and mounted, as disclosed in Berkdoll's patent, No. 1,556,901. It was still being sold in substantial quantities in 1932. Still earlier—in December, 1918—the L shaped "rubbing-block" of Schwarze appeared, (No. 1,286,803), made of "paper fibre" whose composition is no further disclosed. The Delco arm, 13,341, was the same; it appeared in 1915, and was also still being sold in 1932. The patented block differed from these because, not only was it L shaped and had reïnforcing threads which ended on the wearing surface, but the threads followed the turn in the block; i. e., they were themselves bent into an L.

This block was apparently the result of an intensive study by the plaintiff's engineers during the year 1923, though we do not understand that they devoted themselves exclusively to it, because out of their labor also appeared the "breaker-arm" patented in Kroeger's second patent, No. 1,593,339. The situation is one frequent enough in patents, where the prior art presses close to the invention, but never quite attains it; and where the answer as to whether the final step justified a patent, depends upon what led up to it and what followed. In the case at bar the short period between the appearance of Delco arm, 15,-377, and the application for the patent—two years and four months—does not à priori encourage us to suppose that the apparently short and easy step between the two demanded outstanding talents. Nor are we impressed with the argument drawn from the work of the plaintiff's engineers during 1923. For all that appears, this may have been no more than that of competent experts proceeding by trial and error. Difficulties had been experienced with Delco arm, 15,377, because the metal arm broke which held the block, and it surely did not require high ingenuity to think of using a block made out of the same material (Bakelite, reïnforced with fibres running perpendicular to the "breaker-arm") but moulded like Schwarze, and like his block, riveted directly to the arm. True, Kroeger did more than that, for he made the threads follow the turn of the block; and if he had not, it might well have been fatally weak just at the turn, though no more than Schwarze. That expedient as such was, however, old, for Talley (Pat. No. 1,341,685) had already

used it in 1920, though for quite another purpose; and on the whole we are disposed to think that the concerted attack of the plaintiff's engineers upon improving the "breaker-arm" in 1923 was reasonably likely to yield the result. They made and tried out a great many different forms, and came down at last to that which seemed to stand up the best. At least there is no evidence that any higher abilities were demanded than intelligent, well-trained and persistent experiment, acting in the light of the defects which past experience had developed. Perhaps, such qualities are as well worth a patent as sudden flashes of genius; perhaps, indeed, in the long run they are more deserving; but the prize does not go to success so achieved; something more out of the common is demanded.

Decree reversed; bill dismissed.